IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER LEE BARNES, | Case No. 2:16-cv-1053-PK |
| Plaintiff, | FINDINGS & RECOMMENDATION |
| v. | |
| STEVE BOSTON, et al., | |
| Defendants. | |

PAPAK, Magistrate Judge:

Plaintiff *pro se* Christopher Lee Barnes, an incarcerated prisoner, filed this action *in forma pauperis* against defendants Steve Boston, the Oregon Department of Corrections, and the State of Oregon. This court has dismissed Barnes's claims against the Oregon Department of Corrections and the State of Oregon, leaving Boston as the only defendant. Barnes claims Boston is liable under 42 U.S.C. § 1983 for violating his Fourteenth Amendment rights to due process and equal protection.

Boston now moves for summary judgment, contending that Barnes failed to exhaust administrative remedies. ECF No. 13. For the reasons set forth below, Boston's motion for summary judgment should be granted.

1 – FINDINGS & RECOMMENDATION

## BACKGROUND

Barnes is an inmate at the Two Rivers Correctional Institution. Boston is a correctional lieutenant, and was a correctional captain at the time of Barnes's allegations.

Barnes alleges Boston "continues to house the plaintiff in an unsafe unit, while having personal knowledge that the plaintiff is being subjected to verbal threats on his life by another inmate who has already physically harmed the plaintiff." Compl. 4, ECF No. 2. Barnes alleges that, by subjecting him daily to imminent danger, Boston acted inconsistently with the institution's rules and policies, as well as state law. Compl. 5C.

Boston submits a declaration from James A. Taylor, a Grievance Coordinator who reviewed Barnes's records at the Oregon Department of Corrections (ODOC). *See* Taylor Decl., ECF No. 14. Taylor states that inmates may seek administrative review of complaints through a grievance review process, which includes an appeals process. Taylor Decl. ¶¶ 4, 8-9.

Two Rivers Correctional Institution received a grievance from Barnes on March 14, 2016. In the grievance, Barnes stated that he had spoken to Boston on March 10, 2016 about the dangers of his current housing placement, and that Boston refused to transfer him to a different housing placement. Taylor Decl., Attach. 4. The Grievance Coordinator's office accepted Barnes's grievance and sent it to Boston for a written reply. Boston issued his reply to the grievance on May 18, 2016. Taylor Decl., Attach. 4, at 1.

Taylor states that after thoroughly reviewing ODOC records, he found no evidence that Barnes had ever filed a first or second appeal of his grievance against Boston. Taylor Decl. ¶ 10. Taylor notes that Barnes had filed several other grievances. Taylor Decl. ¶ 9. Taylor states that because Barnes did not appeal the denial of his grievance, he failed to complete the grievance process. Taylor Decl. ¶ 11.

2 – FINDINGS & RECOMMENDATION

## LEGAL STANDARDS FOR SUMMARY JUDGMENT MOTIONS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a claim or defense determines whether a fact is material. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).

Summary judgment is not proper if material factual issues exist for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986). In evaluating a motion for summary judgment, this court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility findings or weigh evidence. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). In civil actions brought by a *pro se* plaintiff, the court construes the pleadings liberally and gives the plaintiff the benefit of any doubt. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008).

## DISCUSSION

Boston contends that Barnes has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA). I agree.

Under the PLRA, incarcerated plaintiffs must exhaust all administrative remedies available to them within the institutions where they are housed before they may bring any federal action challenging prison conditions under 42 U.S.C. § 1983:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). By requiring exhaustion, the PLRA gives prison officials a "fair opportunity to correct their own errors" and creates an administrative record for grievances that may become the subject of federal court complaints. *Woodford v. Ngo*, 548 U.S. 81, 94-95

(2006). For purposes of the PLRA, actions brought "with respect to prison conditions" include all actions brought to challenge isolated episodes of unconstitutional or otherwise unlawful misconduct of any kind, as well as prisoner petitions challenging conditions. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Under the PLRA, courts lack discretion to consider claims challenging prison conditions unless the plaintiff has first completely exhausted available administrative remedies before filing the action in federal court. *See id.* at 524.

Because exhaustion of remedies is an affirmative defense, the plaintiff is not required to plead or demonstrate exhaustion before bringing an action challenging prison conditions. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendant has the burden of raising and proving that an incarcerated plaintiff failed to satisfy the PLRA's exhaustion requirement. *See id.* This court treats a defendant's challenge to a prisoner's exhaustion of administrative remedies either as a motion for summary judgment if the challenge is based on proffered evidence, or as a motion to dismiss for failure to state a claim if the challenge is based solely on the plaintiff's pleading. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Here, Boston's motion is properly treated as a motion for summary judgment.

Based on Taylor's declaration, I conclude that Barnes has not exhausted his available administrative remedies. After Boston replied in writing to the grievance, Barnes did not file an appeal. Taylor Decl. ¶ 11. Nor did ODOC receive any other relevant grievances from Barnes pertaining to Boston. Taylor Decl. ¶ 12. Therefore, Barnes failed to complete the grievance review process. Taylor Decl. ¶ 13.

If, as is true here, the defendant shows that the plaintiff failed to exhaust available administrative remedies, the plaintiff must come forward with evidence that administrative remedies were "effectively unavailable." *Albino*, 747 F.3d at 1172. Here, Barnes has not

4 -- FINDINGS & RECOMMENDATION

submitted any response to the motion for summary judgment, so he has failed to show that the remedies were effectively unavailable.

Boston is entitled to summary judgment because of Barnes's failure to exhaust administrative remedies. Barnes's claims should be dismissed without prejudice. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) (proper remedy for failure to exhaust is dismissal of the claim without prejudice).

## CONCLUSION

For the reasons set forth above, Boston's motion for summary judgment, ECF No. 13, should be granted. A final judgment should be prepared dismissing this action without prejudice.

## SCHEDULING ORDER

These Findings and Recommendation will be referred to a district judge. Objections, if any are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1)

Case 2:16-cv-01053-PK   Document 21   Filed 03/10/17   Page 6 of 6

of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 10th day of March, 2017.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge

6 – FINDINGS & RECOMMENDATION